GREEN, J.,
delivered the opinion of the court. The deed of trust to secure the debt to Brown, expressly stipulated, that the Willsons should enjoy the rents and profits until the 25th February 1827, and Brown could not have acquired the possession, nor consequently received the rents and profits until after that day, either by an action at law or a bill in equity; and the deed of trust to secure the debt to Little & Telford, expressly conveyed the rents, issues and profits accruing from the 9th October 1821. That is, the Willsons conveyed by the last deed, the very right which they had reserved by the first. The circumstance, that the debt secured by the first deed of trust, was for the purchase of the property, has no effect upon the question as to the rents. For, 1. the implied lien for the purchase money, which would have existed if the deed of trust had not been given, was utterly destroyed by the execution of that deed, and whatever effect that implied lien might have had upon that question, it is superseded by the express stipulation in the deed: expressum facit cessare taciturn. And, 2. such an equitable lien gives no right at law or in equity, to claim rents and profits. Certainly the *357 creditor could not maintain a suit at law for them; and such a claim has never been allowed or even made in equity. The decree so far as it affirms the right of the ap-pellee and disaffirms that of the appellants to the rents in question, must be reversed.